IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS E. O'NEILL ORTIZ,

    Plaintiff,

    v.                                CIVIL NO. 08-1396 (RLA)

STEPHEN L. JOHNSON,
ADMINISTRATOR, UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY, et al.,

    Defendants.

### **ORDER IN THE MATTER OF DEFENDANT'S MOTION TO DISMISS**

    Defendant, STEPHEN L. JOHNSON, ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY ("EPA") has moved the court to dismiss various of the causes of action asserted in the complaint as well as to instruct plaintiff to amend the complaint to comport with the provisions of Rules 8 and 10 Fed. R. Civ. P.

    The court having reviewed defendant's arguments which have gone unopposed by plaintiff hereby rules as follows.

### **BACKGROUND**

    This action is based on alleged age discrimination in employment. According to plaintiff, he was not selected for promotion to any of three different newly-created positions at EPA but rather was constructively demoted to a less senior position within the agency due to his age.

**CIVIL NO. 08-1396 (RLA)**                                                    **Page 2**

The complaint charges violations to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Additionally, plaintiff seeks relief for alleged discrimination under Puerto Rico Act No. 100 of 1959, P.R. Laws Ann. tit. 29 § 146 *et seq.* (2002), as well as the local tort provisions, art. 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (1990).

## SUBJECT MATTER JURISDICTION

The court's authority to entertain a particular controversy is commonly referred to as subject matter jurisdiction. "In the absence of jurisdiction, a court is powerless to act." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 136 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). *See also*, Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001) ("Federal courts, being courts of limited jurisdiction, have an affirmative obligation to examine jurisdictional concerns on their own initiative.") Further, subject matter jurisdiction is not

**CIVIL NO. 08-1396 (RLA)**                                                              **Page 3**

waivable and thus, may be raised at any time. Kontrick v. Ryan, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

If jurisdiction is questioned, the party asserting it has the burden of proving a right to litigate in this forum. McCulloch v. Velez, 364 F.3d at 6. "Once challenged, the party invoking... jurisdiction must prove [it] by a preponderance of the evidence." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004). *See also*, Mangual v. Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003) and Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (party invoking federal jurisdiction has burden of establishing it).

## LOCAL CLAIMS

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See*, United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006) ("[t]he United States, as sovereign, cannot be sued absent an express waiver of its immunity"); Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 681 (1st Cir. 1999) ("[a]s sovereign, the United States may not be sued for damages without its consent.")

In the complaint plaintiff seeks relief - including attorney fees - under both Law 100, the local anti-discrimination statute, as well as the Puerto Rico tort provisions.

## Law 100

Law 100 is the local equivalent of ADEA providing for civil liability, *inter alios*, for age discrimination in employment.[1] De La Vega v. San Juan Star, Inc., 377 F.3d 111, 119 (1st Cir. 2004); Alvarez-Fonseca v. Pepsi Cola de Puerto Rico Bottling Co., 152 F.3d 17, 27 (1st Cir. 1998); Varela Teron v. Banco Santander de Puerto Rico, 257 F.Supp.2d 454, 462 (D.P.R. 2003).

There is no evidence that the United States has consented to be sued under this particular state law provision. Rather, "[t]he ADEA provides the exclusive federal remedy for age discrimination in employment." Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003).

## Torts

"The FTCA waives the sovereign immunity of the United States with respect to tort claims... and provides the exclusive remedy to compensate for a federal employee's tortious acts, committed within his or her scope of employment." Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).

Plaintiff has not pointed out to any statutory provision allowing for negligence suits to be filed against the federal government agencies.

---

[1] In pertinent part, the statute provides:

> Any employer who... fails or refuses to hire or rehire a person... on the basis of... age... shall incur civil liability....

29 P.R. Laws Ann. § 146.

## Conclusion

Based on the foregoing, the claims asserted in the complaint which are based on violations of the laws of Puerto Rico are **DISMISSED** for lack of subject matter jurisdiction.

## TITLE VII

In 1972 - by way of an amendment to the Civil Rights Act of 1964 - federal employees as well as applicants to federal employment were allowed to vindicate claims of discrimination in employment based on "race, color, religion, sex, or national origin" via judicial proceedings. 42 U.S.C. § 2000e-16(a). These remedies are exclusive and mandate that employees first exhaust the pertinent administrative steps prior to resorting to the court for relief. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-30, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Hence, federal agencies "may only be sued in federal court if the aggrieved employee... has exhausted all available administrative remedies. Misra v. Smithsonian Astrophysical Observatory, 248 F.3d 37, 40 (1st Cir. 2001). "[P]laintiffs could not proceed under Title VII without first exhausting administrative remedies." Lebron-Rios v. U.S. Marshal Serv., 341 F.3d 7, 13 (1st Cir. 2003). "Judicial recourse under Title VII, however, is not a remedy of first resort...." Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003). Plaintiff's "Title VII cause of action is limited to those discrimination and

**CIVIL NO. 08-1396 (RLA)**                                         **Page 6**

retaliation allegations in his ... complaint that were previously the subject of a formal EEO complaint." *Id*. *See also*, Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005) ("in a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door.")

Apart from the fact that there is no allegation in the complaint charging discriminatory conduct contravening Title VI, i.e., based on "race, color, religion, sex, or national origin" the documents on file do not indicate that any such claim was ever presented at the administrative level.

Accordingly, we lack jurisdiction to entertain plaintiff's Title VII claim due to his failure to exhaust the required administrative remedies and it must therefore, be **DISMISSED**.

## EQUITABLE RELIEF

In his Fifth Claim for Relief plaintiff seeks, as an alternative, "that he be retroactively reclassified and promoted to the position of Supervisory Environmental Engineer (GM-0819-15) as recommended by SODERBERG on September 18, 2000"[2] when he held a position different than the one he now holds.

It appearing that the discriminatory conduct charged in the complaint took place in 2006, we have no jurisdiction to allow a retroactive pay increase dating back to 2000.

Accordingly, this claim is hereby **DISMISSED**.

---

[2] Complaint Fifth Claim for Relief ¶ 56.

**CIVIL NO. 08-1396 (RLA)** **Page 7**

### ADEA

The court having dismissed the local claims as well as the Title VII cause of action and the retroactive reclassification request, we must now address the adequacy of the ADEA cause of action, the First Claim for Relief, which is the only remaining claim in the complaint.

As correctly pointed out by defendant, the complaint fails to meet the requirements of Rules 8 and 10 Fed. R. Civ. P. regarding the ADEA claim in that it is not amenable for defendant to "admit, deny or aver that he is without knowledge or information sufficient to form a belief as to the truth of the assertions."[3]

Accordingly, unless plaintiff submits an amended complaint **on or before October 31, 2008,** the ADEA cause of action shall be automatically dismissed.

### CONCLUSION

Based on the foregoing, plaintiff's Motion to Dismiss (docket No. **7**) is hereby disposed of as follows:

- Plaintiff's SECOND CLAIM FOR RELIEF for discrimination based on Act 100 is **DISMISSED.**
- Plaintiff's THIRD CLAIM FOR RELIEF based on negligence pursuant to art. 1802 is **DISMISSED.**
- Plaintiff's SIXTH CLAIM FOR RELIEF requesting attorney fees under the local statutes is **DISMISSED.**

---

[3] Defendant's Motion to Dismiss (docket No. 7) p. 10.

**CIVIL NO. 08-1396 (RLA)** **Page 8**

- Plaintiff's FOURTH CLAIM FOR RELIEF based on Title VII is **DISMISSED.**

- Plaintiff's FIFTH CLAIM FOR RELIEF for equitable relief entailing retroactive reclassification to the position of position of Supervisory Environmental Engineer (GM-0819-15 is **DISMISSED.**

Judgment shall be entered accordingly.

It is further ORDERED that unless plaintiff files an amended complaint **on or before October 31, 2008,** consonant with the rulings of the court and tailoring the pleading regarding the FIRST CLAIM FOR RELIEF under ADEA to the requirements of Rule 8 and 10 Fed. R. Civ. P. this action shall be automatically dismissed.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 21st day of October, 2008.

                                            S/Raymond L. Acosta
                                            RAYMOND L. ACOSTA
                                  United States District Judge